## HAWES ET AL. *v.* KEPLEY ET AL., EXECUTORS.

[No. 4,060.    Filed February 4, 1902.]

APPEAL AND ERROR.—*Wills.*—*Construction.*—*Final Judgment.*—A judgment in an action to construe a will which adjudicates the rights of one of the legatees of the will to a sum named as against the other legatees is a final judgment from which an appeal lies. *p. 307.*

WILLS.—*Complaint for Construction.*—*Demurrer.*—A demurrer for want of facts to a complaint by executors for the construction of a will questions the sufficiency of the complaint to obtain from the court a construction of the will, but does not present any question as to the character of the construction to be given it. *pp. 309, 310.*

Hawes *v.* Kepley.

WILLS.—*Omitted Bequest.—Construction.*—A complaint for the construction of a will relative to the omission therefrom of a specific bequest intended by testator is insufficient where it is not shown that there were any funds for distribution after the payment of the bequests made.  *p. 310.*

SAME. — *Construction.* — *Omitted Bequests.* — Testator devised certain property to each of his children, in each instance placing a value upon the property devised. In another clause he made specific devises in cash "to equalize my children in values" to each of his children except a son, and stated that he had tried "to make a fair and equitable distribution" of his estate.  The property given to the son was $500 less in value as estimated by the testator than that given to each of the other children.  *Held,* that the will can not be construed as giving the son a $500 cash legacy by implication.  *pp. 310-312.*

From Floyd Circuit Court; *W. C. Utz,* Judge.

Action by David M. Kepley and another, executors of the will of Philip M. Kepley, deceased, against Martha E. Hawes and others for the construction of a will. From a judgment for plaintiffs, defendants appeal.  *Reversed.*

*E. B. Stotsenburg* and *J. H. Weathers,* for appellants.
*C. L. Jewett* and *H. E. Jewett,* for appellees.

ROBY, J.—Appellees, as executors of the last will of Philip M. Kepley, filed their complaint to obtain a construction thereof; demurrers were overruled, issue formed by general denial, trial by the court, special finding of facts made and conclusions of law stated thereon, to each of which appellants excepted; motion for new trial overruled, and judgment ordering the executors to pay John L. Kepley $500 before making final distribution under the residuary clause of the will.  The judgment adjudicates the right of John L. Kepley to the sum named as against the appellants.  It is therefore final and appealable.

The complaint after averring the death of Philip M. Kepley, the probate of his will, a copy of which is filed, the appointment of plaintiffs as executors thereof, and that they duly qualified and are acting in such capacity, states that the defendants are the only surviving children of the testator,

except Gail Steinhauer and Clara Rice, who are grandchildren; and that said parties are the only ones whose interests will be affected by the construction prayed. Items ten and thirteen of said will are set out. The pleading concludes as follows: "That doubts have arisen and uncertainties exist as to the true intent and meaning thereof; that these executors believe, and the said defendant John L. Kepley contends, that the said Philip M. Kepley, deceased, meant and intended by said will, and especially by said two quoted items of said will, to equalize his said children in their respective legacies and interests in said estate, and that he did not intend that one of them should have more than another; that he intended to give each of his said children a specific legacy, equal in amount one with the other; that he intended that each of them should have as a specific legacy the sum of $3,500, and that by a miscalculation he made a mistake of $500 against the said defendant John L. Kepley; that said Philip M. Kepley did not intend to give his other children $500 more than the said John L. Kepley. Wherefore plaintiffs pray the court for its judgment construing said will, that doubts so existing as to the true meaning and legal effect of the said provision thereof above set forth may be set at rest, and the duties of the plaintiffs in the premises, as well as the rights of the parties in interest, definitely determined and fully protected."

The will, after directing the payment of debts and funeral expenses, devised certain specified property, real or personal, to each of the testator's children, and also to the grandchildren named, each of whom represent a deceased child. The property thus devised is valued by the testator in each instance. Items ten, thirteen, and fourteen are as follows: (10) "After the death of my said wife, it is my wish, and I so will, devise, and direct, that the following legacies shall be paid to equalize my children in values, taking into consideration the real estate hereinbefore devised to them respectively, and to make my son Charles A.

also equal in amount to wit: To Sally Parker, $1,500; to Anna Belle Morris, $1,500; to Nancy I. Boland, $1,000; to David M. Kepley, $500; to Martha E. Hawes, $500; to Charles A. Kepley, $500." (13) "All the rest and residue of my estate, real, personal, and mixed, that may remain after the death of my said wife, .and the full and complete adjustment of the legacies hereinbefore set forth, I will and devise to my children Sallie Parker, Anna Belle Morris, Nancy I. Boland, Martha E. Hawes, David M. Kepley, John L. Kepley and Charles A. Kepley in equal portions, share and share alike. And in case of the death of any of my children or grandchildren, legatees herein, before settlement of my estate, that the child or children of the body of such deceased one shall take the legacy of the father or mother; and, if no such child or children shall be living at the time, the legacy shall revert to my estate. (14) I have tried herein to make a fair and equitable distribution of my estate, and I believe that I have succeeded; and it is my will, and I so direct, that, should any of the legatees herein (I do not include my wife) attempt to break or set aside any of the provisions of this my last will and testament, he, she, or they so doing shall take nothing hereunder, but the share or shares of those contesting shall go to the other legatees not contesting, in equal portions, share and share alike."

The valuation placed upon the real estate devised to John L. Kepley was $3,000. The total amount given to each of the others, including that bequeathed by item ten, was $3,500. The contention is that the language used creates an implied bequest of $500 to John L. in order to make him equal with the others, and that the testator, by miscalculation, made a mistake, and did not include a bequest of that sum to John L. Kepley in item ten.

The demurrer for want of facts questions the sufficiency of the complaint to obtain from the court a construction of the will, but does not present any question as to the char-

acter of the construction to be given to it. The right of executors to obtain the construction of the will in connection with the discharge of the duties of their trust is well established. Such construction will be declared when the provisions of the instrument are ambiguous or doubtful, but where the will is plain upon its face, courts will not entertain a suit to construe. *Baxter* v. *Baxter*, 43 N. J. Eq. 82. The statement that John L. Kepley was claiming $500 thereunder, when considered in connection with the law relative to implied bequests, and the provision of the will above quoted, show facts capable of creating doubts justifying a construction by the court.

It is not shown, except by a very liberal inference, that there is any necessity for such construction. The complaint fails to aver that any fund is on hand for distribution or indeed that there will ever be any fund for distribution. Courts do not construe wills unless an immediate necessity therefor exists. *Bullard* v. *Attorney-General*, 153 Mass. 249, 26 N. E. 691; *Griggs* v. *Veghte*, 47 N. J. Eq. 179, 19 Atl. 867; *Traphagen* v. *Levy*, 45 N. J. Eq. 448, 18 Atl. 222; *Meacham* v. *Graham*, 98 Tenn. 190, 39 S. W. 12. And the court will on its own motion inquire if such necessity exists. *Meacham* v. *Graham, supra.* The complaint was, in this respect, deficient, but, in as much as the meaning of the instrument has been argued by both parties, a construction will be given to it waiving the defect indicated.

The exceptions to the conclusions of law and the motion for a new trial presents the question whether, under the items of the will above set out, John L. is entitled to $500, notwithstanding the omission of his name from item ten.

As a general proposition, it may be said that a statement that the testator has devised or bequeathed something in another part of the will, when in fact he has not done so, is construed as showing a purpose to devise such property, and the intention is carried out by the courts. *Hunt* v. *Evans*, 134 Ill. 496, 25 N. E. 579, 11 L. R. A. 185. The

language used in item ten is not equivalent to such recital. "I will * * * that the following legacies be paid to equalize my children in values." Then follow specific devises to certain named persons. In item fourteen the testator states his belief that he has made a fair and equitable distribution, not necessarily an equal one. The language used is plain and its meaning obvious; "we may conjecture that the testatrix failed through inadvertence to express her intention as she would have done if her attention had been called by another person to the matter about which the parties in this suit are now, through it, contending. But the courts can no more make a portion of a will than they can make an entire will." *Gibson* v. *Seymour*, 102 Ind. 485, 487, 52 Am. Rep. 688.

The implication of a gift must be drawn wholly from the will itself, can not be aided by extrinsic testimony, and must be stronger than conjecture. It must be the only conceivable inference on the particular point. *Rathbone* v. *Dyckman*, 3 Paige 9; *Jackson* v. *Billinger*, 18 Johns. 368; Underhill on Wills, §§463, 464; *Bartlett* v. *Patton*, 33 W. Va. 71, 10 S. E. 21, 5 L. R. A. 523. The presumption is very strong against any bequest having been intended which has not been set forth in the will. Page on Wills, §468.

The effect of the averments contained in the complaint is to charge a mistake on the part of the testator. The appellees, in their brief, say: "But from some oversight the testator failed to insert John's name in clause ten, and give him the $500 for the purpose of equalizing him. It would be impossible to consider this anything else than a mistake, and not as an intentional discrimination on the part of the testator against his son John." Wills can not be reformed by eliminating or supplying words or phrases so as to make the instrument conform to what may have been supposed to have been the intention of the testator. *Sturgis* v. *Work*, 122 Ind. 134, 17 Am. St. 349; *Priest* v. *Lackey*, 140 Ind. 402; *Rapp* v. *Reehling*, 124 Ind. 40, 7 L. R. A. 498; 2

Pomeroy Eq. 871; Page on Wills, 609. The language of Lord Romilly is exactly applicable: "The most that can be said of the recital in the case before me now is, that it is an erroneous one; but, because the testator has made a mistake, you can not afterwards remodel the will and make it that which you suppose he intended, and as he would have drawn it if he had known the incorrectness of his supposition." *Box* v. *Barrett,* L. R. 3 Eq. 244, 248; 3 Redfield on Wills, *49.

If the court should decree a clause into the will in order to equalize John L. it might be later asked to decree that the grandchildren are parties in the residuary clause, notwithstanding that their names are left out. The safe rule and the sensible presumption is that the testator said what he meant.

Judgment reversed, and cause remanded with instructions to restate conclusions of law and render judgment in accordance herewith.