# Smith, Appellant *v.* Myers.

*Will—Vested and contingent estates—Ejectment—Domicile.*

In an action of ejectment it appeared that the testator had devised to the plaintiff as trustee, a farm "to be held by said trustee until my grandson, son of my deceased son, shall arrive at the age of twenty-one years. The said trustee to assume charge of said farm and divide proceeds equally between the children of my deceased son, and at the time my said grandson shall arrive at the age of twenty-one years, or shall depart this life, in that case the trust aforesaid shall be discharged and said farm become the property of the remaining children of my said son jointly and equally." Testator left three granddaughters, children of his deceased son, and his grandson. The three granddaughters conveyed their shares to one under whom defendants claimed, and the plaintiff as trustee by lease reciting such conveyance, leased to the same person for the period of the trust the remaining undivided fourth of his infant cestui que trust. *Held* (1), that under the will each of the granddaughters took a present vested estate in common in one fourth of the farm, with a remainder in one third of the fourth, contingent on the grandson dying before the age of twenty-one; (2) that the provision that on the grandson's death under twenty-one, his fourth should go to the "remaining" children is equivalent to "other," not "then surviving" children, and it does not make the one fourth to each of the granddaughters' contingent; (3) that the trustee by his lease not only expressly conveyed his right of possession of the infant's one fourth, but recognized and acquiesced in the possession of the lessee under his conveyance from the other heirs; and (4) that at the time of suit the trustee had no right of possession to any part of the farm, and therefore a nonsuit was properly entered.

Argued April 11, 1905. Appeal, No. 249, Jan. T., 1904, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1902, No. 818, refusing to take off nonsuit in case of Thomas H. Smith, trustee, v. J. J. Myers and Michael Smith. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in Nescopeck township. Before FERRIS, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Philip L. Drum,* and *William S. McLean,* for appellant.

*George K. Powell,* with him *C. C. Evans,* for appellee. ·

PER CURIAM, May 8, 1905 :

Testator devised to plaintiff as trustee a farm " to be held by said trustee until my grandson, William Raber, son of my deceased son, William Raber, shall arrive at the age of twenty-one years. The said trustee to assume charge of said farm and divide proceeds equally between the children of my deceased son, William, and at the time my said grandson shall arrive at the age of twenty-one years, or shall depart this life, in that case the trust aforesaid shall be discharged and said farm become the property of the remaining children of my said son jointly and equally."

The testator left three granddaughters, children of his son William, all of age, and his grandson, William, who was and still is a minor. Under the will each of the granddaughters took a present vested estate in common in one fourth of the farm, with a remainder in one third of a fourth, contingent on William dying before the age of twenty-one. The provision that on his death under twenty-one his fourth should go to the "remaining" children is clearly equivalent to "other," not "then surviving" children and does not make the one fourth to each of the granddaughters contingent.

The three granddaughters conveyed their shares to one Seeley under whom defendants claim, and the plaintiff as trustee, by lease reciting such conveyance leased to Seeley for the period of the trust the remaining undivided fourth of his infant cestui que trust. By that lease he not only expressly conveyed his right of possession of the infant's one fourth, but recognized and acquiesced in the possession of the lessee under his conveyance from the other heirs. He thereby completely parted with his right of possession as to every part of the farm. The nonsuit was properly entered.

Judgment affirmed.