# SHRIVER ET AL. *v.* MONTGOMERY, ADMINISTRATOR.

[No. 22,362. Filed January 15, 1914.]

1. APPEAL.—*Assignment of Errors.—Sufficiency.—Rulings on Demurrer.*—Where the record discloses that the complaint on file is in fact an original complaint, and such complaint on its face shows that it was ordered filed as an amended complaint, and it appears from the record that no other complaint was ever filed, the rulings of the court on separate demurrers addressed to a complaint, and which were filed after the filing of the complaint disclosed by the record, are sufficiently presented by an assignment of error in overruling demurrers to an amended complaint. p. 115.

2. PLEADING.—*Demurrer.—Separate Demurrer.*—Where defendants separately demur to a complaint as a whole, and also to the particular items thereof, and the complaint fails to state a cause of action against any one of the defendants so demurring, the overruling of such demurrer is error. p. 115.

3. WILLS.—*Action to Construe.—Demurrer to Complaint.*—A demurrer for want of facts addressed to a complaint for the construction of a will questions the sufficiency of the complaint to obtain a construction, but presents no question as to the character of construction to be given. p. 115.

4. WILLS.—*Validity of Bequest.—Want of Beneficiary.*—Where there was no grandchild in being at the death of the testator, there was no residuary estate to vest in grandchildren under a will directing a trustee to hold, for the benefit of testator's grandchildren, all property not specifically bequeathed, and the trust failed for lack of a beneficiary. p. 116.

5. PERPETUITIES.—*Personal Property.—Suspension of Ownership.*—Under §9723 Burns 1908, §6057 R. S. 1881, providing that no condition shall suspend the absolute ownership of personal property longer than until the termination of lives in being, where there was no grandchild in being at the time of the death of a testator, a provision of his will that a trustee shall hold, for the benefit of testator's grandchildren, all property not specifically bequeathed was inoperative. p. 116.

6. PERPETUITIES.—*Validity of Bequest.—Accumulation of Personalty.*—Under §9724 Burns 1908, §6058 R. S. 1881, concerning accumulations of personal property, the provision of a will that a trustee shall hold all his personal property not specifically bequeathed for the benefit of testator's grandchildren until the youngest shall become of age, if held to be a provision for an accumulation by force of law, could not operate to suspend the absolute ownership until the youngest beneficiary of a class arrives at majority, and is therefore void. p. 116.

7. WILLS.—*Action to Construe.—Judgment of Distribution.—Evidence.*—In an action to construe a will a judgment directing a distribution under an item of the will providing that the residue of the testator's personal property shall be held in trust for the benefit of his grandchildren, cannot be affirmed where the only supporting evidence disclosed by the record was a petition to establish the will as a lost will, which was introduced in evidence and which showed that certain parties to the action to construe were grandchildren of testator, but neither disclosing that they were all the grandchildren, nor who the grandchildren were in being either at the time of the execution of the will or at the death of testator. p. 117.

8. WILLS.—*Construction.*—As a general rule a will speaks and an estate vests as of the death of the testator, and as to persons then in being, except as it may come under §§9723, 9724 Burns 1908, §§6057, 6058 R. S. 1881, concerning accumulations of personal property, or is bequeathed to a trustee for a specific purpose, or where the trust is charitable. p. 118.

From Fulton Circuit Court; *Smith M. Stevens,* Special Judge.

Action by Orba F. Montgomery, administrator with the will annexed, of Jesse Shriver, deceased, against Elias Shriver and others. From a judgment construing the will, the defendants appeal. *Reversed.*

*I. Conner,* for appellants.

*James H. Bibler* and *Holman, Stephenson & Bryant,* for appellee.

MYERS, J.—This was an action by appellee as administrator *de bonis non* with the will annexed, of Jesse Shriver, deceased, against appellants as children, grandchildren, and a guardian of grandchildren of said Shriver, to procure a construction of the will. The transcript was filed in the Appellate Court, December 22, 1910. On the passage of the act of March 10, 1913 (Acts 1913 p. 454), the Appellate Court on March 20, 1913, transferred the cause to this court, and the clerk on his own motion, after the decision involving the act of 1913 in *Curless* v. *Watson* (1913), 180 Ind. 86, 102 N. E. 497, retransferred the cause to the Appellate Court, and that court on October 29, 1913, properly transferred the cause to this court where the jurisdiction is, under §1392 Burns 1908, Acts 1907 p. 237.

The error assigned and presented is in the ruling on the complaint, the pertinent allegations of which are, that on the 21st day of November, 1908, appellee filed his current report, setting forth the state of his account as administrator to that date, and asked therein a construction of the will of the deceased, Jesse Shriver, so as to determine the proper and legal distributees of the will, to enable him to make a final distribution of the balance of the personal assets of the estate, which report was filed in the estate, assuming that the jurisdiction to construe the will properly belonged to the probate side of the court; an order of the court on the probate side, was made, directing that service be had upon the children and grandchildren of the deceased, to the end that the will might be construed, to determine to whom the personal assets of the estate should be distributed. "That service was had upon some of the defendants hereinabove named, but that other of the defendants have not yet been served, and the matter coming up for hearing on the 22nd day of April, 1909, it was deemed best that the action should be in the character of an adversary proceeding, and service had upon all of the defendants hereinabove named, and on motion of the plaintiff in this

proceeding, so much of said current report as called for the construction of the will was, by the order of the court, this day, transferred to the civil side of the court, and the matter docketed as a cause pending, with direction to amend the petition, and leave was granted by the court to amend the petition, and in accordance with said leave and order of the court, the plaintiff complaining of the defendants says that, the will of the deceased, Jesse Shriver, contained certain provisions with respect to the appointment of a trustee, and with respect to the extent and scope of the residuary clause of the will, as to whether it is sufficient to carry to the devisees, named in the will, that portion of the estate bequeathed to the widow of the deceased, which she renounced by taking under the law; that the children of the deceased are claiming and demanding of the plaintiff herein, that the residue of the personal estate of the deceased remaining after the payment of the debts be paid to them as the respective owners thereof, and that the grandchildren of the deceased, children of his said children, are claiming that under the provisions of said will, they are entitled to, and are the owners of the respective interests of the residue of said personal estate, and of the real estate described in the will as well, under and by virtue of the will. That the plaintiff, in this action, has been, and is now acting as trustee by virtue of his appointment by the court as provided in said will, the trustees therein named having declined to qualify and serve, with respect to the personal property; that he has not, however, taken possession and control of the real estate in the will, for the reason that he was in doubt with respect to his powers and authority under the will, and his appointment as trustee under the order of the court. That Franklin P. Shriver is claiming that he, himself, is the owner of certain of the real estate set forth in the will as devised by the testator to him, and that the testator had not the power or authority to bequeath his said real estate so described therein, to the testator's grand-

children, nor any part thereof, but that he was and is the owner thereof. With respect to said real estate, the plaintiff herein avers the fact to be that in a proceeding had in this court for the purpose of establishing the will of the deceased, said Franklin P. Shriver was made a party defendant in said proceeding, and that settlement with respect to said real estate set forth in said will, and now claimed as being owned by said Franklin P. Shriver, was embraced in the adjustment, settlement and decree in said proceeding, and that said judgment and decree still stands as an adjudication of that question, as having never been set aside, nor appealed from, but is still in full force and effect.'' Here follow allegations showing that each of the sons mentioned in the several items of the will are living, and have children who are each minors, naming them, except in the case of James who is alleged to have died since the death of his father, and after the probate of the will, and naming his children, all minors; that Ruth Clayton is a daughter of the decedent, Jesse Shriver, and has no children; that Franklin P. Shriver is a son of the decedent, Jesse Shriver, and has no children; that the provisions of the will and said judgment and decree of the court, hereinbefore referred to, are as follows: ''I, Jesse Shriver, of Fulton County, Indiana, do now make and establish this my last will and only will. 1st. I appoint W. J. Bemenderfer and his successor in trust, as my trustee, and I devise to him, to be held in trust for those hereinafter named, all my property, both real and personal, said trustee to pay all my debts and funeral expenses. 2nd. It is my will that Oliver Shriver continues to live upon and farm the land upon which he now lives, namely: (two described tracts) in all 99 acres, so long as he shall live; that the gross annual proceeds from said lands, to be turned over to my said trustee, from which annual proceeds said trustee shall pay the taxes, ditch asessments, and needed repairs upon said land, and the remainder of the annual proceeds be returned to my son Oliver. That

the fee to said land be and remain in my said trustee or his successor until after the death of said Oliver Shriver, and until his youngest child shall become twenty-one years of age, when the fee to said land shall become the property of said children, they to share equally therein."

The third, fourth and fifth items make the same provisions as to specifically described tracts of land in favor of his sons Elias, James and David, as in case of Oliver. "6th. I give and bequeath to my wife Mary C. Shriver, my brick residence in Akron, Fulton County, Indiana, and the land adjacent thereto, (particularly described and other particularly described lands) so long as she shall live and remain my widow. And in addition thereto I devise to my said wife of the personal property as follows: $500 in money to be paid to her by my said trustee, and the interest on $2,000 to be held by said trustee, and the interest thereon to be paid to her annually or as collected. Also I give and bequeath to her all the household and kitchen furniture. 7th. I further direct that my said trustee or his successor have and hold for the benefit of my grandchildren, all property remaining, and not herein specifically bequeathed, in trust for said grandchildren, until the youngest of my said grandchildren arrives at the age of 21 years, at which time the same is to become the property of said grandchildren, they to share equally therein.

That as a part of the settlement herein, it is agreed and the court therefore finds, that a son of the decedent, Franklin P. Shriver, ought to have, and by agreement of parties hereto is to have, the use and benefit of the following described land, (particularly describing 100 acres) under the same conditions, and subject to the same restrictions as provided for his brothers in the will herein established, that is to say: (then follow the same provisions as in case of the other four sons, but how, or why Franklin became entitled to it does not appear, as no bequest or devise is made to him). It is now therefore ordered, decreed and adjudged by the court

that said will be and the same is hereby established, as the last will of Jesse Shriver, deceased, and that the same be recorded as provided by law. * * * It is further ordered, decreed and adjudged by the court that said agreement with respect to said Franklin P. Shriver became a part of the provisions of said will of Jesse Shriver, deceased, subject to the restrictions as herein found. All of which is finally ordered, adjudged and decreed by the court.''

The complaint further alleges: ''That it is provided in said will that the grandchildren of the testator, children of his sons Oliver, Elias and James, should not receive the bequests provided for them in said will until the youngest child of each should become 21 years of age. The petitioner further avers that on March 12, 1902, Mary C. Shriver, widow of the deceased, filed with the clerk of this court her renunciation under said will and her declaration of intention to take under the law, and that she did thereby renounce the provisions made for her in said will of the deceased, and did take under the law. On these facts, and on the questions presented herein, and the claims and demands made by the respective interests of the defendants herein, plaintiff requests of the court a construction of the will and of said decree of the court therewith, and for all other proper relief.''

There was a demurrer to the first, second, third, fourth, fifth, sixth and seventh items of the alleged will, ''as set out in the complaint'' by Elias, on the ground that neither item states facts sufficient to constitute a cause of action against him. He also demurred to each paragraph of the complaint on the same grounds. David, Franklin and Oliver, the other sons, and Ruth Clayton, a daughter, demurred separately on the same grounds, which demurrers were severally overruled and separate exceptions reserved, and they with Elias answered by general denial. The court on trial adjudged that the residue of the estate in the hands of the administrator should be paid to the clerk of the court

for the use of the grandchildren of Jesse Shriver, "as set forth in the residuary clause of the will, and that the residue of the decedent's estate in the hands of the administrator belongs to and is the property of the grandchildren of Jesse Shriver", and a trust company was appointed trustee "to carry out the provisions of the will."

Some technical objections are suggested by appellee to the form of the demurrers to the complaint. The demurrers are addressed to a complaint and the assignment of error is in overruling demurrers to an amended complaint. The record discloses that it is in fact an original complaint, so far as its adversary character and the parties to it are concerned, and the face of it shows that it is ordered filed by the court as an amended complaint making adversary parties. No other complaint appears in the record as having ever been filed, and it is called an amended complaint. The demurrers were filed after this complaint was filed, with no other complaint in the record, and the court could have ruled on no other demurrers. The objection is too technical. We have no difficulty in understanding the pleadings to which the demurrers were addressed and on which the rulings were made. The demurrers are by appellants, separately to the complaint as a whole, and also to the particular items thereof. If the complaint is insufficient to state a cause of action against any one of the particular appellants so demurring, it was error to overrule such demurrer. Appellee concedes that such demurrer questions the sufficiency of the complaint to obtain a construction of a will, but that it does not present any question as to the character of construction to be given it. To the latter point are cited: *Hughes* v. *Hughes* (1902), 30 Ind. App. 591, 66 N. E. 763; *Hawes* v. *Kepley* (1902), 28 Ind. App. 306, 62 N. E. 720. Under the rule in the second case above, the point is well taken, but that does not dispose of the other question, as to whether there is any property on which the will may oper-

ate, or persons who may be beneficiaries under it and claim its benefits, other than appellants. This will was executed July 5, 1894. It does not appear by the complaint when the testator died, or when the will was probated, or that the testator had a single grandchild in being at the time of his death or at the time the will was executed. Upon this state of the record, it is the insistence of appellants, (1) that Item 1 of the will is void as a mere nominal trust under §4024 Burns 1908, §2981 R. S. 1881; (2) that it is a void or passive trust and that the title vested directly in the sons; (3) that the four following items, viz., two, three, four and five demonstrate the invalidity of the first item, by the provision for the absolute control and management by the life tenants, at least that no power of disposition or management is given the so-called trustee. To this may be added, that if there was no grandchild in being at the death of the testator, there was no residuary estate to vest in grandchildren and the trust failed for lack of a beneficiary; or if there was no grandchild in being at the time of the death of the testator, there could be no limitation or condition to suspend the ownership of the personal property. §9723 Burns 1908, §6057 R. S. 1881.

Under the seventh item, if it can be said that there is provision for accumulation of personal property by force of law, the trustee in any event could take the residuary estate in the personal property in the hands of the administrator, only during the minority of that person who might be the beneficiary, but it cannot be tied up until the youngest beneficiary of a class arrives at his or her majority. §9724 Burns 1908, §6058 R. S. 1881. That, however, is not a matter in which appellants are interested, unless the instrument is invalid as an entirety or unless there were no grandchildren, child of a particular appellant in being, at the time of the death of the testator, because there is no attempt to provide an accumulation under §9724,

*supra,* for the benefit of any one shown to be in being at the death of the testator or the execution of the will, though the section might apply to the residuary personal estate on final settlement as to minors in being at the time of the death of the testator, but we cannot presume there were such.

The only question decided, or that could be decided by the court below was the question of the proper distribution of the funds in the hands of the administrator, arising 7. from the personal property, and we expressly limit our decision to that single question. Under these conditions, the title to the land is not involved here, nor is §4024 Burns 1908, *supra,* so far as the land claimed by the sons is concerned. We, however, point out that the widow having renounced the devise made to her, there is involved in this will the question not necessary to be or in fact determined here, whether as to that real estate, it does not go at once to some grandchild or children, as being devised with no power of disposition or management in the trustee and vesting directly in the beneficiary or beneficiaries, under §4024, *supra.* There are probably also involved §§3998, 3999 and possibly §3995 Burns 1908; §§2962, 2963, 2959 R. S. 1881. Neither do we consider items Nos. 2, 3, 4 or 5, of the will as they only affect the question of the title to the land, or the question of the title of Franklin P. Shriver. In searching the record to discover whether the judgment might be affirmed, we find that there was introduced in evidence the petition to establish the will of the testator as a lost will, in which it is alleged that he died March 16, 1902; that five named persons, parties to this action, are grandchildren of the decedent, four of whom were of full age and one 19 years of age, but married to a man of full age, but whose children they were, does not appear; that all the children and grandchildren of the testator were parties; that all other grandchildren were minors, and there is no other evidence to show who the grandchildren were, in being at

the time of the execution of the will, or the death of the testator, so that it is manifest that a judgment directing distribution under the seventh item of the will generally, to the grandchildren as a class, without any evidence on these points, cannot be affirmed, not only as against appellants, but among the distributees, whose shares depend on the existence or the nonexistence of a grandchild when the testator died, and also in extending distribution beyond the majority of any beneficiary of a class. The only property the seventh item could cover in any event would be the residuary personal estate left at the testator's decease, after payment of the renunciating widow and the indebtedness, as a possible accumulation under subd. 2, §9724 Burns 1908, *supra,* and the real estate devised to her, but so much of that item as directs holding personal property by the trustee, until the youngest of all his grandchildren should attain the age of 21 years is manifestly void, yet the item in effect, directs such holding. It is elementary, as a

8.  general rule, that a will speaks and an estate vests as of the death of the testator and as to persons then in being, except as it may come under §§9723, 9724, *supra,* or be bequeathed to a trustee to use the fund for a specific purpose, or the trust is a charitable one.

If it be urged that the bequest under the first and seventh items as to personal property, is to grandchildren as a class, then it is immaterial whether they individually were minors or of full age; if the latter, they would take at once, for we have seen that the trust cannot run beyond the majority of any beneficiary of the class, hence the provision that it shall run until the majority of the youngest of the class is void, and appellants as parents of those who make up the class are interested in that question, as possible inheritors from their children. Again, as the trust as directed must terminate as to each beneficiary on his arriving at majority, that provision is as to such person void, as it is also to those who may have been 21 years of age when the

testator made the will or at least when he died, if there are such. But who are the beneficiaries? Is it they who were in being when the will was executed, or at the death of the testator or those of the grandchildren as a class who shall attain 21 years of age? With the record in the shape it is, it cannot be determined, nor can it be determined that appellants, or some of them, are not entitled to all or a portion of the fund in the hands of the administrator.

Supposing all the facts to be before the court, several queries arise as to the personal estate. (1) If one of the sons had no child living at the date of the death of the testator, does the son take a portion of the personal estate, or does it go to the grandchildren if there were such in being at the death of the testator, and if so, does it go *per stirpes* or *per capita?* (2) Supposing grandchildren in being at the time of the death of the testator, do they alone take to the exclusion of the after-born grandchildren? These queries, and perhaps others, thrust themselves into the case, but we do not deem it advisable, in the absence of evidence disclosing the situation, to attempt to answer them.

The judgment is reversed, with instructions to the court below to sustain the demurrers to the complaint and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 945. See, also, under (2) 31 Cyc. 349; (4) 40 Cyc. 1931; (5) 30 Cyc. 1519; (6) 30 Cyc. 1497; (8) 40 Cyc. 1424. As to rule against perpetuities, see 90 Am. Dec. 101; 49 Am. St. 117; 64 Ann. St. 634. As to suit in equity to construe will, see 129 Am. St. 78.