## MUNDHENK *v.* BIERIE ET AL.

[No. 11, 204. Filed June 2, 1922. Rehearing denied October 13, 1922. Transfer denied February 1, 1924.]

1. WILLS.—*Construction.*—In determining the intention of a testator, all provisions of a will must be considered. p. 88.
2. WILLS.—*Construction.*—*Words Given Ordinary Meaning.*—In construing a will, words must be understood as having been used by the testator in the common and ordinary sense, the presumption being that the will was drawn in the light of the settled meaning attached to the words used therein. p. 89.

3.  WILLS.—*Construction.*—*Rejection and Substitution of Words.*
—No word can be rejected and another substituted in its place
without the clearest certainty that such was the intention of
the testator.  p. 89.

4.  WILLS.—*Construction.*—*Testator's Intention Controls.*—A will
must be construed in accordance with the intention of the
testator unless such intention conflicts with the law.  p. 89.

5.  WILLS.—*Construction.*—*Extrinsic Evidence.*—*When Rejected.*
—Extrinsic evidence cannot be received to vary the terms or
provisions of a will when there is no ambiguity.  p. 89.

6.  WILLS.—*Devise.*—*Joint Tenancy.*—A devise of certain land to
two daughters "jointly" creates a joint tenancy, and not a
tenancy in common, as tenants in common hold by several and
distinct titles and not jointly.  p. 89.

7.  WILLS.—*Construction.*—*Extrinsic Evidence.*—*When Rejected.*
—There being no ambiguity in a devise of a remainder after a
life estate to two daughters "jointly," extrinsic evidence cannot
be received to show that the devise was intended to create a
tenancy in common.  p. 90.

8.  JOINT TENANCY.—*In Remainders.*—A joint tenancy may be
created in a remainder in fee after a life estate.  p. 93.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Charles E. Bierie and others against John
Mundhenk.  From a judgment for plaintiffs, the de-
fendant appeals.  *Affirmed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M.
Simmons,* for appellant.

. *W. H. Eichhorn* and *John H. Edris,* for appellees.

NICHOLS, J.—Appellee Ella Blocher, hereinafter men-
tioned as appellee, filed her complaint in two paragraphs
against appellant to quiet title to certain real estate,
and appellant filed his cross-complaint in four para-
graphs for partition thereof.

The first paragraph of the complaint is in the usual
short form to quiet title.  The second paragraph avers
in substance that one John Bierie of Wells County, In-
diana, was the owner in fee simple of the southwest
quarter of section 8, township 25 range 13 east of said
county and state, and that he died testate in the year
1917.

Item 1 of his will provides for the payment of his debts.

Item 2 is as follows:

"I give and bequeath unto my dear wife, Emma Bierie, all of my real estate and personal property for the rest of her life, and after her death, the real estate shall be divided among my four children, as follows:"

By Item 3 the testator devised to his son the southwest quarter of said tract, and by Item 4 to his daughter Savilla Anderson the northwest quarter thereof.

Item 5 is as follows:

"To my daughters, Ella Blocker and Lizzie Mundhenk, I bequeath jointly the east one-half of the southwest quarter of section 8, township 25 north, range thirteen east containing eighty acres more or less."

Appellee and Lizzie Mundhenk mentioned in Item 5 of said will survived the testator as did also the widow. After the death of the testator, the said Lizzie Mundhenk died, leaving appellant as her only heir-at-law. Thereafter the widow of the testator died. The complaint then avers that, by reason of the death of said Lizzie Mundhenk, appellee became the owner in fee simple of the real estate described in Item 5 of the will. The first paragraph of the cross-complaint is a short general form for the partition of real estate mentioned in Item 5 of the will, appellant averring therein that he is the owner of the undivided one-half thereof. The second, third and fourth paragraphs of cross-complaint aver substantially the same facts as the second paragraph of complaint, with the further averments to the effect that the testator devised and intended to devise the real estate described in Item 5 to appellee and to said Lizzie Mundhenk as tenants in common and not in joint tenancy; that the testator believed that he had so devised said real estate to his daughters as tenants in

common and that he had instructed the person who prepared the will so to prepare it that it would devise said real estate to said beneficiaries as tenants in common; that the testator and the person who drafted the will were farmers and laymen and wholly unacquainted with legal terms and the legal effect thereof, and when the word jointly was so employed in the will, it was intended to state a tenancy in common and not a joint tenancy; that the reason why the testator did not divide the said 80 acres, giving one daughter forty and the other daughter forty, was because the respective tracts were not of the same value, and could not be divided into forty acre tracts, and that therefore he deemed it better to will it to them as tenants in common and to let them divide it to suit themselves after the life estate terminated.

A demurrer to the second paragraph of complaint was overruled. A demurrer to each of the second, third and fourth paragraphs of cross-complaint was sustained. After issues were formed by general denials, the cause was submitted to the court for trial, and there was a finding and judgment for appellee quieting her title, from which, after motion for a new trial was overruled, this appeal.

The errors assigned are the foregoing rulings of the court.

The substantial question here involved is as to the construction of Item 5 of the will, and as to whether any effect shall be given to the word "jointly" therein, and, if so, what effect it shall have.

The parties agree that the whole will must be construed together and that the rule of law that the intention of the testator will be determined by

1.  considering the instrument from its four corners must prevail. Appellant, however, contends that there is an ambiguity in the will and that as the inten-

tion of the testator is not made clear therein, extrinsic evidence may be heard in order that the intention may be obtained, while appellee contends that there is no ambiguity and that therefore such extrinsic evidence cannot be heard.

It is a well-established rule of law that the words in a will are to be understood to have been used by the testator in the common and ordinary sense, and no word can be rejected and another substituted in its place, without the clearest certainty that such was the intention of the testator. *State, ex rel.,* v. *Joyce* (1874), 48 Ind. 310; *Wilson, Admr.,* v. *White* (1893), 133 Ind. 614, 33 N. E. 361, 19 L. R. A. 581; *West* v. *Rassman* (1893), 135 Ind. 278, 34 N. E. 991.

It is also a rule of law that the terms of a will will be construed in accordance with the intention of the testator where such intention does not conflict with the law, the presumption being that such will was drawn in the light of the settled meaning attached to the words used therein. *Taylor* v. *Stevens* (1905), 165 Ind. 200, 74 N. E. 980.

As to this last question it is well established that extrinsic evidence cannot be received to vary the terms or provisions of a will where there is no ambiguity. *McCray* v. *Lipp* (1871), 35 Ind. 116; *Fraim, Exr.,* v. *Millison* (1877), 59 Ind. 123; *Bunnell* v. *Bunnell* (1880), 73 Ind. 163; *Rapp* v. *Reehling* (1890), 124 Ind. 36, 23 N. E. 777, 7 L. R. A. 498; *Hawes* v. *Kepley* (1902), 28 Ind. App. 306, 62 N. E. 720; *Eckford* v. *Eckford* (1894), 91 Iowa 68, 58 N. W. 1093, 26 L. R. A. 375.

In *Case* v. *Owen* (1894), 139 Ind. 22, 38 N. E. 395, 47 Am. St. 253, the question involved was the construction of a warranty deed in which the granting clause was as follows: *"This indenture witnesseth,* That Barney White and Ruth White of

Hamilton county, and State of Indiana, *convey* and *warrant* to Lydia Reese and John Reese, 'jointly.'"

It was contended by appellant that under this deed the grantees took as tenants in common while appellees contended they took as joint tenants.   The court held that—"It is a familiar rule that in construing a deed, as in construing any other written instrument, it is to be construed as a whole, and that effect is to be given to each and every clause and word found in it if that is possible.   As tenants in common are two or more persons who hold possession of any subject of property by several and distinct titles the word 'jointly' can have no place in describing an estate to be held by them. To hold that this deed created in the grantees a tenancy in common, we would be compelled to strike out and reject the word 'jointly.'   This we are not at liberty to do.   Under the well known rules of construction we are required to give it effect; and when that is done we are constrained to hold that this deed vested in Lydia Reese and John Reese an estate in joint tenancy."   As it seems to us, this case is of controlling force as to the question here involved, unless, as contended by appellant, there can be no joint tenancy in a remainder.

It is to be observed that by the will here involved a life estate was given to the testator's wife and 7. that a remainder was devised to the two daughters "jointly" by said Item 5 of the will.

Appellee, in support of her contention that a joint tenancy can be created in a remainder cites *Thornburg* v. *Wiggins* (1893), 135 Ind. 178, 180, 34 N. E. 999, 1000, 22 L. R. A. 42, 41 Am. St. 422, from which she quotes (p. 180) that "such estates may be created in fee, for life, for years, or even in remainder."   But appellant contends that the question to be decided in that case was as to whether or not a husband and wife were joint tenants and that the expression "or even in re-

mainder" had nothing to do with the decision, that it was a *dictum,* and that it hinted at a doctrine absolutely contrary to law.

In support of his contention appellant quotes from Blackstone that "an estate in joint tenancy is where lands or tenements are granted to two or more persons to hold in fee simple, fee tail, for life, for years or at will," (2 Black. Comm. 181) and says that the eminent authority does not even hint that a joint tenancy may exist in remainder. As in *Thornburg* v. *Wiggins, supra,* it is stated in 23 Cyc 484, that "a joint tenancy may be of an estate in fee, for life, for years or at will, or of an estate in remainder," citing in addition to the Thornburg case, 1 Washburn, Real Property (6th ed.) 529. This text writer, however, cites Blackstone as authority to sustain the principle announced, but, as appears above, the principle is not affirmatively sustained therein. Appellant says that he has been unable to find any adjudicated case in America which holds that a joint tenancy can be created in a remainder, that counsel for appellee has cited none, and that he does not believe that any court in the world with that question before it has ever decided that a joint tenancy could exist in a remainder. After some research, however, we are constrained to say that we are not wholly without authority that a joint tenancy may be created in a remainder.

In *Purssey* v. *Holloway* (Eng.) Weekly Notes (1898), p. 156, a testator gave his real estate upon trust for his niece S for life, and after her death without leaving issue (which event happened) to his "right heirs" forever. The testator had two sisters, M. and A., who predeceased him. M. had two daughters, one of whom was living at the testator's death, and the other predeceased him, leaving two daughters. A's only child was S., the tenant for life. The testator's "right heirs"

therefore were his two nieces and his two grandnieces. The question was whether the four ladies took as coparceners or as joint tenants, and it was held that they took as devisees and not by descent and as joint tenants, and not as coparceners, in other words, that the estate of the surviving nieces and grandnieces was a joint tenancy in a remainder.

In the case of *In re Bellasis* (1871), L. R. 12 Eq. (Eng.) 218, 24 L. T. N. S. 466, 19 Week. Rep. 599, it was held that an informal instrument creating a trust "for my niece Mrs. Chas. Milford and her children" created a trust for Mrs. Milford for life with remainder to her children as joint tenants.

In the case of *In re Wilmot* (1897), 76 L. T. N. S. (Eng.) 415, a testator, after creating certain interests in his property, provided that, upon their termination, the property should go to his ward, and to any lawful issue she might have, such issue taking a vested interest in his property upon attaining the age of twenty-one, and it was held that the ward and her issue took the estate as joint tenants.

In *Newsom's Trusts* (1878), Irish L. R. 1 Eq. 373, it is said that, after a review of the decisions, a result of all of the cases is, that where there are words giving to a mother a separate estate in the entire fund, the fund must be settled to the separate use of the mother for life, with remainder to the children at her death as joint tenants.

In *Jenkins* v. *Jenkins* (1817), 1 Mills Const. Rep. (S. C.) 48, it was held that, where a grantor, after reserving the use of a tract of land to himself for life, conveys it to his son for life and afterwards to the children of such son lawfully begotten, a joint tenancy is created in the grandchildren.

In *Blair* v. *Osborn* (1881), 84 N. C. 417, it was held that where, in the premise of a deed, a life estate is

given to the mother alone, and in the *habendum*, the estate is given to her and her children, such deed operates to convey an estate for life to the mother and an estate for life in joint tenancy in remainder to her children.

These authorities are sufficient to sustain appellee's contention that there can be a joint tenancy in a remainder. We are therefore controlled in our decision by *Case* v. *Owen*, *supra*, in the light of which, there was no ambiguity in the will, and, as the trial court followed the principle there announced in his rulings upon the demurrer to the second paragraph of complaint and the respective demurrers to the paragraphs of cross-complaint, and in his ruling upon the motion for a new trial, there was no error in the rulings.

The judgment is affirmed.

Dausman, J., dissents.