## Wagner's Estate.

*Wills—Interpretation—Powers of appointment.*

A testator bequeathed part of her estate in trust for benefit of ten persons for life with the power of disposition by will, and in default of such disposition to their issue. The will further provided that in default of issue and the exercise of the power of appointment that the shares should go "to the use of such persons and for such estates as the remaining shares shall then be holden by the said trustees."

Upon the death of one of the beneficiaries without issue and without the exercise of the power of appointment, her share will be distributed to those of the ten cestui que trustent who were living at the time of her death, and is not shared in by the appointees or descendants of those who predeceased her.

Argued October 3, 1922. Appeal, No. 22, Oct. T., 1922, by Josephine Gamble and Edward H. Cook, administrators of the estate of Sara D. Wells, deceased, residuary legatee under will of Andrew B. Wells, deceased, dismissing exceptions to adjudication in the Estate of Mary Wagner, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before LAMORELLE, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptants appealed.

*Error assigned,* among others, was the decree of the court.

*Bronte Greenwood, Jr.,* and with him *Edward Warner Willard* and *Walter Willard,* for appellants.

*Charles Myers,* and with him *Sharswood Brinton,* for appellee.

OPINION BY GAWTHROP, J., November 20, 1922:

Testatrix bequeathed to the Girard Life Insurance Annuity and Trust Company (now Girard Trust Company) her interest in one-half part of certain securities as to which she had power of appointment under her husband's will, in trust, to be divided into ten equal shares, one of which was held for Frances Florida Innes. After the above provision the will reads as follows: "And after the decease of the said tenants for life respectively in trust to assign his or her share to such person or persons as he or she shall appoint by will and in default of such appointment to such of their children as may then be living in equal parts and shares. But if he or she should die without any issue living at the time of his or her death then in trust as well as respects his or her original share or any share which shall afterwards have accrued to him or her under the provisions of this clause of my will to hold or assign and transfer the same to the use of such persons and for such estates as the remaining shares shall then be holden by the said trustees. In case any of the above-named persons shall die before me without issue in such manner as otherwise would create by law a lapse of his or her shares then my said trust estate shall be taken to be divided into a proportionately less number of shares & all the foregoing trusts & limitations shall apply as fully & in all respects as if such less number of shares had originally been set forth therein."

Frances Florida Innes died January 9, 1918, without issue and leaving a will which was probated in Baltimore, Maryland, but which will contained no effective exercise of the power of appointment given in Mary Wagner's will. At the time of the death of Frances Florida Innes, there were alive four persons for whom trusts had been created in the Wagner will, namely, Susan A. Wister and Margaret Potter, each of whom is given one-tenth of the above trust fund, and Maria Easton and Emily Barton, who together are given one-tenth.

Susan A. Wister has since died. The question before us is, who takes the fund held in trust for Frances Florida Innes under the Wagner will? Is it distributable to the cestui que trusts who are now alive and those who are entitled because of the death of Susan A. Wister, or is it to be divided into nine shares and awarded as well to the descendants, or appointees under wills, of those who predeceased Frances Florida Innes? The earnest argument of counsel for the appellants failed to convince us that the Wagner will can be interpreted so as to permit any of the share of Frances Florida Innes to be awarded to others than those who were living at her death and whose remaining shares were then held by the said trustee. We agree with the learned judge of the orphans' court, who dismissed the exceptions below when he said that in order to adopt the argument of the exceptants, who are appellants here, we would be required to rewrite the will. The gift over is in default both of testamentary appointment and of issue living at the time of the death of the cestui que trust. There is a power to break succession of issue. The trust is not created for lineal descendants. There is no manifest general intention of the testatrix to secure equality of distribution among the recipients of the ten shares and their issue or appointees under wills. There is little likelihood of intestacy because there is a residuary clause in the will. The reasoning which moved the court in Fox's Est., 222 Pa. 108; Smith v. Myer, 212 Pa. 51; and Bacon's Est., 202 Pa. 535, cannot operate to nullify the effect of language which is clear beyond question. The gift is not to "those remaining," which words are frequently construed to mean "others," but the direction of the testatrix is that, upon default both of testamentary appointment and issue, the share of each cestui que trust shall be held, assigned or transferred "to the use of such persons and for such estates as the remaining shares shall then be holden by the trustees." These words are controlling and manifest a clear intent to exclude the issue and ap-

184, (1922).]          Opinion of the Court.

pointees under a will, of a beneficiary first dying, from participation in the share of one dying subsequently without leaving issue then living or having made an appointment by will. The orphans' court properly awarded one-third of the share of Frances Florida Innes to the appointees under the will of Susan A. Wister; one-third to the present trustee to hold for the benefit of Maria Easton and Emily Barton; and one-third to the said trustee to hold for Margaret E. Potter.

The assignments of error are overruled and the judgment is affirmed.