Davis' Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

442

*C. Leo Sutton, William E. McCall, Jr.,* and *Charles S. Crawford,* for exceptants.

*J. Edgar Wilkinson,* of *Shields, Clark, Brown & McCown,* contra.

BOLGER, J., November 7, 1941. — The exceptions raise two questions, viz: (*a*) Does the $25,000 trust fund created for Thomas Stellwagon Davis by the seventh item of the will fall upon his death without issue into residuary estate for the benefit of all residuary legatees, including the children of Howard Langworthy Davis; and (*b*) are the children of Howard entitled to participate in the distribution of Thomas' share of residue under the eleventh item of the will?

As to the first question, nothing need be added to the opinion of the court in banc filed November 9, 1939, when this question was previously argued, nor to the adjudication of the auditing judge. The children of Howard are residuary legatees named in the eleventh item of the will and like the other residuary legatees are entitled to share in the $25,000 trust fund which testatrix directs "shall become and be part of my residuary estate, and be disposed of and distributed as hereinafter provided in the eleventh clause of my will".

The second question is as to the disposition of Thomas' share of residue under the eleventh item of the will. The adjudication has excluded Howard's children from participation in Thomas' share, and to that extent there is inequality among testatrix's children and grandchildren.

By item second of the will, testatrix recited:

"I have investigated the conduct of my son Howard towards his wife Clara and his children, and also certain differences existing between them, and have determined that my son Howard is in the wrong and that it is my duty to side with and protect his wife Clara and his children, and accordingly I have made provisions in this will for said Clara Davis and the issue of her body by my son Howard."

The controversial provision of the will disposes of Thomas' share as follows:

"Upon the decease of any child, excluding my son Howard Langworthy Davis, who survives me, I direct

said trustee to pay over and transfer, free of all trust, to the lawful issue of such child, the said share heretofore directed to be held in trust for the life of said child, such issue to receive said share in equal parts. And in case said child dies without leaving issue him or her surviving, I direct said trustee to pay over and transfer said share, free of all trust, in equal parts to my children, excluding my son Howard Langworthy Davis, who survive said child and to the issue of any child who did not survive said child, such issue to take per stirpes and not per capita."

Thomas is deceased without issue. There survive him three other children of testatrix, Edward, Edna, and Irvin, and two children of a deceased son, Malcolm. There also survive Howard and his three children, but these children are not, in the strict words of this clause of the will, "the issue of any child who did not survive" because Howard, their father, still survives.

Howard's children earnestly contend that the will as a whole requires that they be substituted for their parent, who for the purposes of this clause should be considered dead; that they would participate in Thomas' share had their parent been dead, and their rights should not depend upon the accidental and irrelevant fact of the order in which deaths might occur. They contend that the will as a whole indicates an intention to establish equality among children and grandchildren, without differentiation or exclusion.

Notwithstanding the excellent brief and argument of their counsel, we are of the opinion that the language of this clause requires the exclusion of exceptants.

It is often said as quoted in Hancock's Appeal, 112 Pa. 532: " 'The question in expounding a will is not what the testator meant, but what is the meaning of his words.' "

The words used by this testatrix have but one meaning. "The issue of any child who did not survive said

child [Thomas]" is not descriptive of grandchildren whose parent still survives.

Nor are we permitted to supply words directing the inclusion of such grandchildren. Words will not be read into a will unless it is certain beyond reasonable doubt that the testator has not expressed himself as he intended and supposed he had done: McConnell's Estate, 266 Pa. 294.

A construction in favor of equality cannot be made where the expressed desire of testatrix is for inequality: Norris' Estate (No. 1), 217 Pa. 548. See also Steinmetz's Estate, 194 Pa. 611; Wagner's Estate, 80 Pa. Superior Ct. 184; Walter's Estate, 18 D. & C. 431.

The language used by testatrix in the first part of item 11 is significant. There, in disposing of the whole of residuary estate, she named a similar class, to wit, her children, excluding Howard, and the issue of any who predeceased, and expressly provided for the children of Howard by giving them an "additional share". Here, in disposing of Thomas' share on his death, she could have given these grandchildren an "additional share" but did not.

Furthermore, she declared that the "additional share" of Howard's children "shall be and is hereinafter dealt with, treated and *separately* disposed of". (Italics supplied.) The exclusion of Howard's children from the share of Thomas is consistent with this declaration.

We conclude that the auditing judge was right in excluding Howard's children from the share of Thomas.

We do not, however, express an opinion as to the exclusion of Howard's children from the shares of testatrix's children, who are still living and for whom the trust continues, should any of them die without issue and should Howard not survive their deaths, respectively, and the findings here made are without prejudice to the possible rights of Howard's children therein.

Counsel for the accountant points out certain corrections which should be made in the adjudication, to wit, that the balance of principal should be stated as "$258,842" instead of "$248,842", and that income on the $25,000 trust fund which accrued to July 13, 1937, should be awarded to Caroline M. Davis, administratrix of the estate of Thomas Stellwagon Davis, deceased. With the consent of the auditing judge, the adjudication is amended accordingly.

All exceptions are dismissed and the adjudication is confirmed absolutely.