JOHNSON, ET AL. *v.* THE BURNEY BAPTIST CHURCH OF BURNEY, INDIANA, ET AL.

[No. 18,522. Filed June 10, 1954.]

*Frank I. Hamilton,* of Greensburg, for appellants.

*Hugh D. Wickens* and *Hubert E. Wickens* and *Wickens & Wickens,* all of Greensburg, for appellees.

CRUMPACKER, J.—The Decatur Circuit Court construed the will of the late Jennie Pumphrey contrary to the contention of the appellants. There is a judgment that they take nothing by reason of their complaint and they appeal.

In disposing of the case the court had before it the will involved and a stipulation of facts to the effect that Jennie Pumphrey died testate on June 12, 1951, and subsequently her will and a codicil thereto were duly admitted to probate. That at the time of her death she was a widow and left no heirs of her body surviving. The stipulation identifies all the beneficiaries named in the will in respect to the relationship of each to the testatrix and specifically designates those of her brothers and sisters who were alive when she executed her will and codicil and the children of those who were then dead. It further states that all of the beneficiaries so identified survived the testatrix.

There is no other evidence in the case but from it we gather that at the time Jennie Pumphrey made her will and when she died she had seven brothers and

sisters who were then living and three brothers who were then dead. By Item 4 of her will she gave the appellant Clarence Johnson, a brother, and his two children, Ruth Baker and Claude Johnson, $500 each and to the appellant Edith Lambert Owens, a daughter of her deceased brother Lawrence, the sum of $100. By Item 5 she gave one equal part of the residuum of her estate to each of her "remaining" brothers and sisters then living and one equal part to the children of each of two brothers then dead. All of said beneficiaries are specifically named but the appellant Johnson, a brother, and the appellant Owens, a daughter of the third deceased brother, are not mentioned.

The appellants contend that although they are not named in Item 5, a proper construction thereof brings them in. They argue that by her use of the word "remaining" the testatrix meant (1) her "surviving" brothers and sisters, and (2) the "surviving children" of her brothers who were then dead. That it was the testatrix' intention to bequeath her residuary estate to these two classes of persons whether individually named or not. That the appellant Johnson is a member of the first class and the appellant Owens is a member of the second and therefore each is entitled to share in the residuum. The court below rejected this contention and decreed that the appellants take only what is given them by specific bequest in Item 4 and that the residuary estate goes entirely to those specifically named as beneficiaries thereof. In this the appellants charge the court was in error.

It seems to us that there is no uncertainty or ambiguity in the will involved and therefore no need for the application of those rules of construction to which courts resort when the intention of the testator or testatrix is doubtful. *Shriver* v.

*Montgomery* (1914), 181 Ind. 108, 103 N. E. 945. It seems clear that when the testatrix, in Item 5 of her will said: "The residue of my estate I leave to my remaining brothers and sisters and to the child or children of such as are now deceased . . . ," she meant those of her brothers and sisters and the children of those dead who were not provided for by the specific bequests set up in Item 4. In *Smith* v. *Myers* (1905), 212 Pa. 51, 61 A. 573, a testator devised real estate in trust to a grandson whose father was then dead and provided that upon the death of said grandson the trust should terminate and the real estate involved should become the property of the "remaining children" of said deceased father. The court held that the term "remaining" meant "other" and not the "surviving" children of such father.

We are further fortified in this position by the fact that by the codicil to her will the testatrix revoked the specific bequests to Claude Johnson and Ruth Baker as provided by Item 4 and gave them one equal part of the residuum less the $500 given to their father Clarence Johnson. She then reaffirmed the will in all other respects. The construction urged by the appellants would give the appellant Johnson and his children two equal parts of the residuum plus $500 and to the appellant Owens one equal part thereof plus $100. We find no evidence, in the will itself or extrinsic thereto, remotely suggesting that the testatrix intended any such disposition of her property. On the contrary, the conclusion is inescapable that she intended that the combined inheritance of the appellant Johnson and his children should equal that of each of her other brothers and sisters then living and the children of each of her brothers then dead except the appellant Owens, a child of her deceased brother Lawrence, whom she

cut off with $100 only. Reading the will as a whole and giving its words their usual and ordinary meaning, it is apparent the testatrix sought an equal *per stirpes* distribution of her residuary estate among her heirs with exception of the appellant Owens. Why she was excluded is not apparent but that was the testatrix' concern and not ours.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 2d 904.