APPLE ET AL., ETC. *v.* METHODIST HOSPITAL OF INDIANA, INC.

[No. 19-874. Filed May 6, 1965. Rehearing denied May 27, 1965. Transfer denied February 24, 1966.]

*Glenn T. Williams, C. Thomas Cone,* and *Ging & Free,* of Greenfield, and *Pell & Matchett,* of Shelbyville, for appellant.

*Howard J. DeTrude, Jr., Erle A. Kightlinger* and *Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, and *H. Harold Soshnick,* of Shelbyville, for appellee.

SMITH, J.—This is an action brought by the appellee, Methodist Hospital Inc., to quiet title to certain real estate devised to appellee by Ada Blanche Braddock McNew, deceased. An intervention was made by appellants, Co-Administrators with the will annexed of the estate of William R.

Braddock, deceased, who filed a cross-complaint for authority to sell said real estate under the provisions of the will of William R. Braddock, deceased.

The issues were formed by the complaint and the answers by the defendants and intervenors, and by the cross-complaint and the answer by the plaintiff. Trial was had without jury upon an agreed stipulation of facts. The court returned a finding for the appellee on its complaint to quiet title and against the appellants on the cross-complaint and judgment was entered accordingly.

The sole error assigned on appeal is the overruling of the appellants' motion for a new trial. The appellants have urged several specific errors which substantially involve the same issue, which is the trial court's ruling on the interpretation of certain language used by William R. Braddock, deceased, in his will. The appellants claim that by the terms of said will, under which they are asserting title, Ada Blanche Braddock McNew was given a fee determinable in the real estate which reverted to the residuary legatees of Braddock and their descendants upon the death of Ada without leaving any surviving issue. The appellee, on the other hand, asserts that Ada was given a conditional fee which upon the death of Braddock ripened into a fee simple and which passed to the appellee by the terms of Ada's will.

Therefore, the only question for decision by this court is whether by the terms of William R. Braddock's will executed in 1869 Ada Blanche Braddock McNew was devised a fee determinable or a conditional fee.

In order to ascertain the nature of the estate that Ada Blanche Braddock McNew held it is necessary to examine the language used by her father in his will in which he devised her disputed interest in the realty.

In 1869 William R. Braddock was the owner in fee simple of the real estate in question and he executed his last will and testament. At both the time of execution and at the time

of his demise Braddock's mother and wife were alive as well as the two daughters. He used the following language which gives rise to this suit:

". . . I give, devise and bequeath the same to my two children, Margaret Alice Braddock and Ada Blanche Braddock, to be held by them and their heirs forever. . . . In case that either of my said children shall die without a living child or children, then I direct that entire Real Estate above described to the survivor. *And further in case both of my said children should die leaving no living child or children, then I direct that after the decease of my Mother and my Wife* the above described Real Estate be all sold and out of the proceeds, . . . [herein certain specific bequests then] . . . I give and bequeath the residue of all my estate in equal parts to my Brothers and Sisters . . . or their heirs." (emphasis supplied)

The testator died on May 3, 1869, his mother died in 1870, his wife died in 1872 and the other daughter, Margaret Alice Braddock, died a minor in 1874 leaving no issue.

Ada Blanche Braddock McNew married in 1894 and her husband died eight months later. She never remarried and never had any children. On April 9, 1949 she died testate naming the appellee, Methodist Hospital Inc., the residuary legatee of her estate by which devise they now claim title to the real estate in question.

In deciding the nature of the estate devised to Ada Blanche Braddock McNew this court must rely on several established rules. It is a universally recognized rule that the intention of the testator, when it is clearly expressed must be given effect in the construction of a will. *Hutchinson's Estate* v. *Arnt* (1936), 210 Ind. 509, 1 N. E. (2d) 585, 108 ALR 530. Rehearing denied 210 Ind. 509, 4 N. E. (2d) 202, 108 ALR 530.

However, it is also a well recognized rule that where the intent is not clearly expressed, or is couched in ambiguous phraseology so that reasonable differences of opinion may exist as to what the testator's intention was, then this court will look to established rules of construction

in ascertaining the testator's intention. *Board of Commissioners of Rush County* v. *Dinwiddie* (1894), 139 Ind. 128, 37 N. E. 795.

In examining the language used by Braddock this court is of the opinion that the duration of the contingency imposed upon the fee devised to the daughters could have at least four different interpretations. The first possible interpretation of Braddock's language is that the daughters have issue prior to his death; the second is that they have issue after his death, but prior to the death of his wife and mother; the third is that they have issue after his death and after the death of his wife and mother; and the fourth is that they have issue at the time of their own deaths.

In order for this court to hold that the condition was absolute, as the appellant contends, the court would have to determine that the language used by Braddock was not ambiguous and that it was clear and certain that he intended that the real estate should revert to the named residuary legatees upon the event that the daughters have no issue at the time of their own death. We cannot here hold that to be the case. The will is sufficiently ambiguous to allow at least four possibilities for the determination of the period of time the condition was to exist.

Therefore since we hold that this provision in the will is ambiguous we must turn to recognized rules of construction in ascertaining its meaning. *Board of Commissioners of Rush County* v. *Dinwiddie, supra.*

A well settled rule of construction in this jurisdiction is that where real estate is devised in terms denoting an intention that the primary devisee shall take a fee on the death of the testator coupled with a devise over in case of his death without issue, the words refer to a death without issue during the lifetime of the testator unless the contrary intention is clearly expressed and if the devisee survives the testator he takes an absolute estate in the fee

even though he is childless. *National Malleable & Steel Castings Co.* v. *Goodlet* (1952), 195 F. (2d) 8, Certiorari Denied, *Carter* v. *Simpson*, 73 S. Ct. 47, 344 U. S. 837, 97 L. Ed. 651 (7th C) ; *Quilliam* v. *Union Trust Co. of Indianapolis* (1924), 194 Ind. 521, 142 N. E. 214.

In light of this rule we hold that when Ada Blanche Braddock McNew survived her father she took a fee simple in the real estate and therefore upon her death it did not revert to the appellants but passed to the appellee by the terms of Ada's will. To hold otherwise this court would be required to determine that the testator Braddock "clearly expressed" a desire that 96 years after his death his real estate should revert back to the descendants of those heirs he named in the residuary clause. To so hold would result in an unrealistic disposition of the testator's estate.

Applying the principles of law, as stated above, to the undisputed evidence we therefore hold that Ada Blanche Braddock McNew, together with her sister Margaret Alice Braddock, upon the death of their father, William R. Braddock, were devised, by the terms of the will of William R. Braddock, a fee simple title to the real estate in question, subject to the intervening life estates of the testator's mother and wife; that upon the death of Margaret Alice Braddock, Ada Blanche Braddock McNew became the sole owner in fee simple to the real estate in question which real estate she devised to the appellee under the terms of her last will and testament.

The judgment is hereby affirmed.

Bierly, P. J., and Hunter, J., concur. Mote, J., concurs in result.

NOTE.—Reported in 206 N. E. 2d 625.