320 So.2d 874 (1975)
In re ESTATE of James E. CRAFT, Deceased.
No. 74-1282.
District Court of Appeal of Florida, Fourth District.
October 10, 1975.
Rehearing Denied November 17, 1975.
Larry Klein of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, *875 for appellants, Thomas Craft, Executor of the Estate of James E. Craft and The First National Bank of Bluefield, Bluefield, W. Va.
Joseph D. Farish, Jr. and Robert V. Romani, of Farish & Farish, West Palm Beach, for appellees, Paul E. Craft and Jerry Elliot Craft.
PER CURIAM.
Upon consideration of the briefs and oral argument and after examination of the record on appeal we are of the opinion that the trial court erred in determining that the inter vivos trust created by decedent was invalid.
It has been held that in order to constitute a valid trust (in personalty) three circumstances must occur: sufficient words to raise it; a definite subject matter; and a certain and ascertained object. Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860 (1917); Grapes v. Mitchell, 159 So.2d 465 (Fla. 1963); Fraser v. Lewis, 187 So.2d 684 (Fla.App. 1966). It has further been held that a trust may be created by deed or may rest entirely in parol or may be partially in writing and partially in parol. Bay Biscayne Co., supra; Grapes v. Mitchell, supra; and Fraser v. Lewis, supra.
A review of the record reflects the existence of sufficient evidence to give rise to the establishment of a valid trust consistent with the foregoing principles. The words giving rise to the trust are reflected in a will and trust indenture executed by decedent on November 7, 1969, mailed to the trustee bank on November 8 and received by them on November 10. Further indication of the sufficiency of the words to create the trust is reflected by a telephonic conversation between decedent and a trust officer of the trustee bank on November 5, 1969, directing the cancellation of an old trust and the creation of the new one, and a letter of confirmation written by decedent to the trustee bank on November 8, 1969 pursuant to which the bank transferred the assets on its books on November 13, 1969.
The object of the trust is clearly reflected in the trust's indenture as being for the purpose of providing an education for the children and grandchildren of the decedent.
The subject matter of the trust (eight shares of corporate stock from a block of 78 shares previously held by the trustee bank in a prior trust of the decedent) was in existence at the time of the execution of the new will and creation of the new trust and was ascertainable with reasonable certainty through the testimony of the trust officer of the trustee bank and the writings of the decedent. The procedures followed by the trustee bank in facilitating the establishment of the new trust cannot serve to defeat the validity of the trust if all other requisites necessary to its establishment were properly present. See Bay Biscayne Co., supra; see also Bogert, Trust and Trustees, 2d ed., sec. 111, and 33 Fla.Jur., Trusts, sec. 18.
Accordingly, the order of the court on petition for revocation of a portion of decedent's last will and testament is vacated and set aside and the cause remanded for further proceedings not inconsistent with this opinion.
CROSS and MAGER, JJ., concur.
deMANIO, PETER M., Associate Judge, dissents, without opinion.