381 So.2d 291 (1980)
CARLON, INC., D/B/a Broward Nelson Fountain Service, Appellant,
v.
SOUTHLAND DIVERSIFIED COMPANY, D/B/a Little Giant, Appellee.
No. 78-1368.
District Court of Appeal of Florida, Fourth District.
March 12, 1980.
Rehearing Denied April 16, 1980.
*292 Richard W. Epstein of Forkey & Kirsch, P.A., Fort Lauderdale, for appellant.
James A. McCauley, Fort Lauderdale, for appellee.
HERSEY, Judge.
This is an action for accelerated rental payments under a written lease of certain fountain equipment consisting of an ice bin with a carbonator and fountain head attached. Appellee paid an amount equivalent to seven months rental and then abandoned use of the equipment, storing it in a room on appellee's premises.
The equipment was acquired in the expectation that customers of appellee would purchase soft drinks made from the equipment rather than in prepackaged cans. Because of the cost difference to appellee, fulfillment of that expectation would have considerably improved appellee's profit margin. Apparently, appellee's customers were creatures of habit and refused to succumb to the entreaties of progress. In any event, the anticipated demand did not materialize, whereupon appellee became disillusioned and attempted to terminate the lease arrangement.
Appellant first complains of the trial court's determination that the property delivered to appellee's premises differed in some respect from the description in the written lease agreement. This determination is erroneous since it is clear from the testimony that any alleged difference between the property described in the lease and the property delivered to appellee was totally immaterial to the conflict which developed between the parties. As a matter of fact, the supposed discrepancy was not noted until shortly before trial when appellee's expert witness apparently observed the difference for the first time. Use of the property had long since been abandoned *293 by appellee, and it had been placed in storage. Further, abandonment occurred not because of the manner in which the equipment functioned, but because as one of the principals of appellee testified:
I'm afraid we will have to disconnect this machine and take it out. It isn't working out. It isn't catching on like we thought.
Appellant also attacks the trial court's finding that appellee entered into the written lease agreement with the understanding that the lease could be terminated if the appellee became dissatisfied with the equipment. We conclude that this finding is not supported by competent, substantial evidence.
Appellee's principal testified that he had certain discussions with an agent of appellant and that upon presentation of the written lease agreement it was signed but not read. This clearly is no defense in an action predicated upon a written agreement.
To permit a party, when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts. The purpose of the rule is to give stability to written agreements and to remove the temptation and possibility of perjury, which would be afforded if parol evidence was admissible.
All Florida Surety Company v. Coker, 88 So.2d 508, 511 (Fla. 1956), quoting 12 Am. Jur. Contracts § 137.
Moreover, permitting testimony as to the oral negotiations between the parties violates two well-established legal principles. The first is the parol evidence rule. C.H. Robinson Co. v. L. & M. Brokerage Co., Inc., 344 So.2d 894 (Fla. 1st DCA 1977). This rule serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it, or affect its construction. Sears v. James Talcott, Inc., 174 So.2d 776 (Fla. 2nd DCA 1965). The trial court made no finding that the lease agreement was ambiguous, incomplete or unclear. Ambiguity, or lack of clarity, must appear on the face of the contract in order for extrinsic evidence to be admissible. Pearson v. Pearson, 342 So.2d 1018 (Fla. 4th DCA 1977). The second legal principle violated by introduction of testimony as to negotiations is the doctrine of merger. It is established in Florida that presentations, negotiations and conversations which precede and accompany the making of a contract are presumed to have merged in the contract. Windowmaster Corporation v. Jefferson Construction Co., 114 So.2d 626 (Fla. 3rd DCA 1959).
We therefore reverse the corrected final judgment and remand for the entry of a judgment in favor of appellant for the accelerated rental payments.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.