WENTWORTH, Judge.
The appellant employer, Florida Department of Transportation, contends that the evidence before the deputy commissioner in this workers’ compensation case does not support his determination that the automobile accident suffered by claimant on the bridge from which he was departing his employment as a tender was compensable. We find no reversible error on the factual and legal argument as to course of employment,[1] but we amend the order in accord with the fourth issue which is stated by appellant as follows:
The memoranda of February 23, 1983 and November 8, 1983 were not safety regulations within the meaning of Section 440.09(4), Florida Statutes.
The parties agree that the Department of Transportation rules in question were not, as required by the cited statute, rules “required by statute or lawfully promulgated by the Division,” the latter referenced agency being clearly defined in § 440.-02(10), Florida Statutes, as “the Division of Workers’ Compensation of the Department of Labor and Employment Security.”
The order is accordingly amended by striking the words “less 25% or 92.29 a week” from paragraph one of the decretal portion, and the words “thus, his compensation must be reduced by 25%,” from paragraph 3 of the findings. As amended, the order is affirmed.
JOANOS, J., concurs.
THOMPSON, J., dissents.

. The order states in part:
... [A]n injury received by accident by a bridgetender entering or exiting the north beach bridge is compensable under the Florida Workers’ Compensation Act. It has long been held that entering and exiting a place of employment is part and parcel of any employment. Here, the claimant was injured on the employer's premises while in the process of exiting his employment. The method of exiting was customary and known to the employer.... The real crux of the compensability of this case is that the claimant had to be relieved from his duty and exit the employment premises. Any procedure suggested by the employer or any that I could envisage would involve a risk or special hazard of serious injury. Therefore, the claimant’s accident of March 30, 1984, occurred in the course and scope of his employment.