481 So.2d 69 (1985)
In re the ESTATE OF Rosa Lee PEARCE, Deceased.
No. 84-1862.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
Rehearing Denied February 3, 1986.
*70 George E. Adams of Adams, Hill & Fulford, Orlando, for appellant, Dewitt L. Pearce.
George H. Moss of Moss, Henderson & Lloyd, P.A., Vero Beach, for appellee, John F. Pearce.
DOWNEY, Judge.
This is an appeal from an Order Granting Leave to File Amended Inventory, determining that certain stocks were held by the decedent, Rosa Lee Pearce, as trustee, rather than owned by her individually, so that they should not have been included as assets of her probate estate.
Dewitt L. Pearce, appellant, and John F. Pearce, appellee, are co-personal representatives of the estate of their mother, Rosa Lee Pearce. This action arose when John Pearce filed a petition to remove certain stock of the Sixty-Nine Ranch, Inc., a Florida corporation, from the probate inventory because the stock was granted to a living trust created by Mrs. Pearce and it was an asset of the trust at the time of her death. Dewitt Pearce contested the removal of the stock from the probate inventory, maintaining that the plain language of the stock certificates indicated that they were issued to Rosa Lee Pearce, individually.
Upon the advice of an estate planner, an attorney, and an accountant, Rosa Lee Pearce executed a revocable trust agreement on September 25, 1981, with certain ranch land inherited from her husband as the trust corpus. Thereafter, upon the advice of the estate planners, Mrs. Pearce formed the Sixty-Nine Ranch, Inc., and title to certain land that she desired to give to John Pearce and her other beneficiaries was transferred to the corporation. The estate plan involved the conversion of the ranch land (real property) into shares of stock (personal property). There was evidence that, despite the change in the property's character, Mrs. Pearce intended to continue holding such property in trust, rather than in her individual capacity. The *71 stock was issued on December 29, 1981, to "Rosa Lee Pearce," but less than one month later Mrs. Pearce executed an Amendment to the Rosa Lee Pearce Revocable Trust Agreement, listing the Class A and Class B stock of the Sixty-Nine Ranch, Inc., as assets of the trust to be held for the benefit of John Pearce and his family. The trial court also admitted and considered testimony that, before and after issuance of the stock, Mrs. Pearce orally declared she was holding it in trust, and that she had instructed her attorney to prepare the necessary legal documents to record her declaration of trust. Mrs. Pearce's attorney testified that title to the ranch stock should have been issued to Rosa Lee Pearce with the designation "as Trustee." He stated that the issuance to Rosa Lee Pearce in her individual name was a mistake and he accepted responsibility. The attorney further testified that he was responsible for including the ranch stock on the probate inventory and this, too, was his error.
Appellant, Dewitt Pearce, contends that any attempt at trial to show that the stock certificates were intended to be issued to Mrs. Pearce as trustee should have been prohibited by the parol evidence rule. Appellant relies on Florida case law holding that the intent or meaning of a written document should be determined solely from the language of the instrument where such language is clear. Reid v. Barry, 93 Fla. 849, 112 So. 846 (1927); Carlon, Inc. v. Southland Diversified Co., 381 So.2d 291 (Fla. 4th DCA 1980).
It is true that the parol evidence rule "serves as a shield to protect a valid, complete and unambiguous written instrument from any verbal assault that would contradict, add to, or subtract from it or affect its construction." Carlon, 381 So.2d at 293. See also Sears v. James Talcott, Inc., 174 So.2d 776 (Fla. 2d DCA 1965). However, it is also true that parol evidence may serve to establish a trust in personalty. Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860 (1917); Florida Northside Bank v. Lowni Corp., 213 So.2d 729 (Fla. 1st DCA 1968), cert. denied, 222 So.2d 25 (1969). Although an oral declaration of a trust in real property is void and unenforceable, trusts in personal property need not be created or proved in writing. E.g., McCrory Stores Corporation v. Tunnicliffe, 104 Fla. 683, 140 So. 806 (1932); Rosen v. Rosen, 167 So.2d 70 (Fla. 3d DCA 1964). A trust in personal property may be created by deed or may rest entirely on parol, or may be partially in writing and partially in parol, provided the words employed are sufficient to create a trust. In re Estate of Craft, 320 So.2d 874 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 105 (Fla. 1976); Fraser v. Lewis, 187 So.2d 684 (Fla. 3d DCA 1966).
The parol evidence in this case was not offered to change the terms of a written contract; it was utilized to establish a trust in personalty. The evidence was introduced to demonstrate further that the stock certificates were the corpus or res of the trust. Of course, looking at the stock certificates alone one would assume that they were owned individually by Mrs. Pearce, but an examination of the amendment to the trust and the oral declarations made after issuance of the stocks indicate that the stocks were held in trust, as found by the trial court.
Appellant also contends that the trial court erred in allowing the testimony of Mrs. Pearce's attorney (concerning her instruction to him to issue the stock to her with the words "as Trustee" on the certificates) because it violated the Dead Man's Statute. However, the attorney was not an interested party as contemplated by section 90.602, Florida Statutes (1983) (Dead Man's Statute), because he had no claim of right or title against the decedent or her estate. E.g., Mathews v. Hines, 444 F. Supp. 1201 (M.D.Fla. 1978). He had no legal, certain, immediate, and vested interest in the cause that would bar him from testifying. Id.; see also In re Estate of Hatcher, 439 So.2d 977 (Fla. 3d DCA 1983); In re Estate of Udell, 324 So.2d 703 (Fla. 4th DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976); In *72 re Lynagh's Estate, 177 So.2d 256 (Fla. 2d DCA 1965).
Accordingly, the Order Granting Leave to File Amended Inventory is affirmed.
LETTS and WALDEN, JJ., concur.