558 So.2d 146 (1990)
Anthony FERRONE, Appellant,
v.
Lawrence SOFFES, As Personal Representative of the Estate of Julian Soffes, Deceased, Appellee.
No. 89-519.
District Court of Appeal of Florida, Third District.
March 13, 1990.
Wallace, Engels, Pertnoy, Solowsky, Newman & Allen and Frank D. Newman, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Thomas G. Sherman, Coral Gables, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
COPE, Judge.
The question before us is the interpretation of the Florida apportionment statute, § 733.817(1)(e), Fla. Stat. (1987), in light of a will provision which directed the executor to pay all estate taxes which may be assessed by reason of the testator's death.
Julian Soffes died testate, leaving a taxable estate valued at $921,250, resulting in an estimated federal estate tax of $103,300. The taxable estate included Julian Soffes' interest in properties owned with appellant Anthony Ferrone as joint tenants with right of survivorship. The jointly held properties comprised twenty-nine percent of the total gross estate.
The personal representative, appellee Lawrence Soffes, sought apportionment of the estimated estate taxes pursuant to paragraph 733.817(1)(e), Florida Statutes (1987), which provides, in part:

*147 The balance of the net amount of the tax, including, but not limited to, any tax imposed concerning gifts in contemplation of death, jointly held properties passing by survivorship, property passing by intestacy, or insurance, shall be equitably apportioned among, and paid by, the recipients and beneficiaries of the properties or interests, in the proportion that the value of the property or interest of each included in the measure of the tax bears to the total value of all the properties and interests included in the measure of the tax, except as otherwise directed by the will.

(emphasis added).
The question presented is whether the decedent's will has "otherwise directed" so as to require that the estate taxes be paid by the estate, rather than by the beneficiaries and recipients of the various properties.
The pertinent part of the will provides:
I direct my Executor, hereinafter named, to pay all debts allowed as claims against my estate, my funeral expenses, and all expenses of administration of my estate, and all estate, inheritance, succession and transfer taxes which may be assessed by reason of my death.

(emphasis added).
As originally written, the only additional provisions in the will were a residuary clause and a clause appointing the personal representative. By codicil dated six days after the execution of the will, the testator expressly acknowledged that he and Ferrone owned various properties as joint tenants with right of survivorship, and named a contingent beneficiary who would take the testator's interest in those properties in the event that Ferrone predeceased the testator. The codicil ratified and confirmed all of the provisions of the previously executed will. After reviewing the will and codicil, the trial court concluded that the will did not, on its face, contain a sufficient direction to avoid the application of the apportionment statute. We agree.
While the question presented here is a close one, we conclude that the statute requires there to be a clear and unequivocal direction in the will in order to require the estate to bear the burden of taxation for property passing outside the will. Although no particular form of words is required, the intention to shift the burden of taxation must clearly appear. In Re Barret's Estate, 137 So.2d 587, 593 (Fla. 1st DCA 1962); see also Estate of Wycoff v. Commissioner, 506 F.2d 1144 (10th Cir.1974), cert. denied sub nom Zions First Nat'l Bank v. Commissioner of Internal Revenue, 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975); Succession of Mayer, 229 La. 259, 87 So.2d 303 (1956); Loring v. Gardner, 221 Mass. 571, 109 N.E. 635 (1915). We conclude that the will must expressly refer to the statute, or expressly indicate that the estate is to bear the burden of taxation for property passing outside the will. In that fashion it will be unmistakably clear that the testator considered the issue and made a deliberate decision about the burden of taxation. It is that degree of particularity which is contemplated by the phrase, "otherwise directed by the will." § 733.817(1)(e), Fla. Stat. (1987) (emphasis added). In the absence of such unequivocal language, the statute will govern.[*]See Johnson v. Hall, 283 Md. 644, 392 A.2d 1103 (1978); In re Henderson's Estate, 46 Wash.2d 401, 281 P.2d 857 (1955). We acknowledge express and direct conflict with In re Estate of Collin, 368 So.2d 1350 (Fla. 4th DCA 1979) and align ourselves with the dissent in that case.
We note, as did the trial judge, that where a will provision is ambiguous, parol evidence can be considered in order to shed light on the question presented. See Campbell v. Campbell, 489 So.2d 774 (Fla. 3d DCA 1986). Where, for example, the tax clause is ambiguous but disinterested *148 counsel who drafted the will can testify with personal knowledge of the testator's actual intent, the trial court would be authorized to entertain the parol evidence in order to reach an interpretation of the clause. See In re Estate of Pearce, 481 So.2d 69, 71 (Fla. 4th DCA 1985), review denied, 491 So.2d 280 (Fla. 1986); In re Estate of Hatcher, 439 So.2d 977, 980-81 (Fla. 3d DCA 1983). Where, as here, the will is susceptible of an interpretation that the estate is to bear the entire burden of taxation, but the taxation clause does not manifest that intention with sufficient particularity to satisfy the requirements of the apportionment statute, the will is necessarily ambiguous on that issue.
We affirm the trial court's determination that the will does not, on its face, avoid the Florida apportionment statute. The trial judge indicated that, in the event the will were found to be ambiguous, an evidentiary hearing would be required. We therefore remand for further proceedings.
NOTES
[*] An example of express language unequivocally addressing the issue is found in The Florida Bar, Florida Will Drafting & Estate Planning §§ 17.48-77, 20.277 (2d ed. 1972). See also Annot., Construction & Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes, 69 A.L.R.3d 122 § 3[a], [g].