637 N.E.2d 1301 (1994)
In the matter of the MAURICE F. JONES TRUST, Fort Wayne National Bank, Trustee, Appellant-Plaintiff,
v.
BARNETT BANKS Trust Company, N.A., As Personal Representative of the Estate of Louise LaFollette Jones; Barnett Banks Trust Company N.A., As Successor Trustee of the Louise LaFollette Jones Revocable Trust Agreement; James D. Briggs, Jr.; Geneva United Methodist Church; American Heart Association, Northeastern Indiana Chapter, Inc.; Allen County Cancer Society, Inc.; Inez Olson; Robert G. Jones; Marceile J. Hackley; Lucille Campbell; Geraldine H. Kubaszyk; Mary M. Mounch; Frances A. Thomas; and Lois Ralls Briggs, Appellees-Defendants.
No. 2A03-9307-CV-220.
Court of Appeals of Indiana, Third District.
June 27, 1994.
Transfer Denied November 30, 1994.
*1302 Stephen J. Williams, Shambaugh, Kast, Beck & Williams, Robert J. Parrish, Parrish & Knight, Fort Wayne, for appellant.
Vincent J. Backs, William J. Tutwiler, Beers, Mallers, Backs & Salin, Fort Wayne, for appellee Barnett Banks Trust Company, N.A.
HOFFMAN, Judge.
Appellant-plaintiff Fort Wayne National Bank (FWNB), as trustee of the Maurice F. Jones Trust, brought an action for a declaratory judgment requesting a declaration that it is not responsible for federal estate tax resulting from the inclusion of qualified terminal interest property (QTIP) within the Estate of Louise Jones. The trial court denied FWNB's request for declaratory judgment and granted summary judgment in favor of appellee-defendant Barnett Banks Trust Company, N.A. (BBTC), as personal representative and trustee of the estate and trust of Louise Jones, on BBTC's counterclaim.
*1303 The facts relevant to the appeal disclose that Maurice and Louise were married in 1979. It was a second marriage for both, and no children were born of their marriage. Maurice had no children. Louise had one child, Kaye Edmonds, from her previous marriage. In 1979, Maurice created an intervivos trust naming Louise the lifetime beneficiary. FWNB was named trustee in 1981. Upon the death of Louise, the trust property was to be distributed to various family members of Maurice and to various charitable organizations. Maurice died on January 25, 1985, at the age of 81. Louise survived Maurice.
Following Maurice's death, the trust he created distributed income to Louise. A marital deduction for the QTIP property equal to approximately 41 per cent of the value of the assets of the Maurice F. Jones Trust was claimed on the federal estate tax return filed by FWNB, as personal representative, and was allowed in the determination of the federal estate tax liability of Maurice's estate.
In 1987, Louise executed a will and trust which revoked her earlier will. Louise died on February 19, 1991. She was a resident of Florida at the time of her death. Her estate was administered in Florida. During administration of the estate, BBTC notified FWNB that the incremental federal estate tax due as a result of the inclusion of the value of the assets of the Maurice F. Jones Trust in Louise's estate should be paid by FWNB pursuant to 26 U.S.C.A. § 2207A (1981) of the Internal Revenue Code.
FWNB asserted that by direction in Louise's will, the taxes were owed by Louise's estate. FWNB brought this declaratory action. After a hearing on the parties' motions for summary judgment, the trial court entered summary judgment in favor of BBTC. This appeal ensued.
As restated, FWNB contends that the trial court erroneously determined that the provision in Louise's will directing payment of taxes was ambiguous thereby necessitating construction, and the court erred in allowing admission of extrinsic evidence as to Louise's intent.
In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. Brockmeyer v. Fort Wayne Public Transp. (1993), Ind. App., 614 N.E.2d 605, 606. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. Where no genuine issue of material fact exists, the construction of a will is subject to summary judgment.

See Est. of Ensminger v. Ind. Nat. Bank (1969), 144 Ind. App. 338, 345, 246 N.E.2d 217, 222;

Funk v. Funk (1990), Ind. App., 563 N.E.2d 127, 131 (under appropriate circumstances construction of will, necessarily including determination of testator's intent, may be disposed of through summary judgment).
In the present case, the material facts are not at issue. At issue is the application of the law to those facts. The parties agree that the Internal Revenue Code allows recovery of the incremental federal estate tax liability incurred by the estate which is attributable to QTIP property included in the estate pursuant to the provisions for marital deductions, if the decedent has not otherwise directed by will the payment of the taxes. The recovery is from the recipients of the property. In this case, Louise's estate could recover the estate taxes attributable to the QTIP property received from Maurice, inasmuch as a marital deduction was taken at the time the property was transferred to Louise during her lifetime. In relevant part the code provision states:
"(a) Recovery with respect to estate tax. 
(1) In general.  If any part of the gross estate consists of property the value of which is includible in the gross estate by reason of section 2044 (relating to certain *1304 property for which marital deduction was previously allowed), the decedent's estate shall be entitled to recover from the person receiving the property the amount by which 
(A) the total tax under this chapter which has been paid, exceeds
(B) the total tax under this chapter which would have been payable if the value of such property had not been included in the gross estate.
(2) Decedent may otherwise direct by will.  Paragraph (1) shall not apply if the decedent otherwise directs by will."
26 U.S.C.A. § 2207A. FWNB contends that Louise otherwise directed the payment of taxes in her will; thus, her estate may not recover the amount of estate tax attributable to the QTIP property.
In pertinent part, Louise's will provided:
 "ARTICLE II  PAYMENT DEBTS,
 TAXES AND COST OF
 ADMINISTRATION
I direct that all estate, inheritance, succession and other death taxes of any nature, together with any interest and penalties thereon, which may be levied or assessed by reason of my death, by the laws of any State or the United States, with respect to property passing under this Will or any other property, shall be considered a cost of administration of my estate, and that such taxes, together with all debts which I am legally obligated to pay at the time of my death, my last illness and funeral expenses and costs of administration of my estate, (including the cost of a suitable monument at my grave), shall be paid out of my residuary estate without apportionment... ."
BBTC argues that the direction contained in Louise's will is qualified by the phrase "which I am legally obligated to pay." Accordingly, BBTC contends that Louise did not "otherwise direct" the payment of the taxes attributable to the QTIP property because she was not legally obligated to pay those taxes. As further evidence that Louise did not intend to waive recovery of the estate tax from Maurice's trust, BBTC notes other portions of the will which allow the personal representative to carry out Louise's intentions, including her express intent within her Trust Agreement that provisions were not made for others for whom she had affection because she wished "to extend to her daughter, KAYE LOUISE EDMONDS, the maximum financial security that she possibly can." At the very least, according to BBTC, the will is ambiguous and subject to construction through admission of extrinsic evidence.
BBTC urges that Florida law, as applied by the trial court, controls the issues of ambiguity and admission of extrinsic evidence. Because Louise was a resident of Florida, Louise was in Florida at the time of her death, the instruments to be construed were drafted in Florida by a Florida attorney, the instruments were executed in Florida, and Louise's estate was probated in Florida, Florida law controls as to substantive matters. See Lovett v. Lovett (1927), 87 Ind. App. 42, 48, 155 N.E. 528, 530 (rights of parties to will controlled by law where will made and executed).
FWNB urges that by ascribing a "plain" reading to the direction in the will, no ambiguity exists. However, in so doing it is clear that the words "which I am legally obligated to pay" modify the direction within the paragraph. Because Louise's estate was entitled to recover the incremental federal tax attributable to the value of the QTIP property, the plain meaning of the qualification is readily susceptible to a reading that she did not direct the payment of taxes attributable to the QTIP property. Cf. Ferrone v. Soffes (1990), Fla.App., 558 So.2d 146, 147 (direction to pay, standing alone, is ambiguous if contemplated to "otherwise direct" payment without specifically stating intention to shift tax burden). Thus, an ambiguity exists.
Under Florida law, admission of extrinsic evidence to determine a testator's intent is accomplished without regard to whether the ambiguities are latent or patent. "In the circumstance of patent or latent ambiguity, extrinsic evidence which bears upon the testator's intent is admissible." Campbell v. Campbell (1986), Fla.App., 489 So.2d 774, 778, citing In re Estate of Rice (1981), *1305 Fla.App., 406 So.2d 469, at 476. Extrinsic evidence of the facts, circumstances, and testator's surroundings at the time the will was executed may be admitted to ascertain the true intent and meaning of the testator and the situation and condition of the testator's property devised by the will.
Id.;

see also Funk, 563 N.E.2d at 131 (to ascertain the testator's intention, court may consider circumstances and conditions surrounding testator when will was executed).
The trial court did not err in allowing the admission of extrinsic evidence to discern Louise's intent.
Here, extrinsic evidence in the form of eight affidavits were presented to and admitted by the trial court. Each affiant identified his or her relationship with Louise, the length of time he or she had known Louise, and the substance of communications between them regarding Louise's intent as to her estate. The affidavits unequivocally support a finding that Louise had no intention to benefit the residual beneficiaries of the trust created by Maurice, especially at the expense of her only child, Kaye Edmonds.
FWNB contends that the affidavits were not admissible inasmuch as the affiants draw conclusions as to Louise's state of mind and thought processes. Assuming arguendo that portions of the affidavits are conclusory and of no moment, Louise's trust expressly stated that her intention was to provide the maximum financial security possible for her daughter. Absent the affidavits, the clear intention of Louise is available to assist in construction of the ambiguous portion of the will. Construing the will according to Louise's obvious intent leads inexhorably to the conclusion that the phrase "which I am legally obligated to pay" operated to exclude the QTIP property.
Finally, FWNB also notes that a portion of Louise's trust specifies that "assets from any other estate or person" shall not be a source for payment of estate taxes. However, pursuant to 26 U.S.C.A. 2207A(a)(2), the decedent's estate is entitled to the recovery unless the "decedent otherwise directs by will." The trust provision does not constitute a direction by will.
Therefore, the trial court properly entered summary judgment in favor of BBTC.
Affirmed.
STATON, J., concurs.
SULLIVAN, J., dissents with opinion.
SULLIVAN, Judge, dissenting.
The will provision directing the payment of taxes is not ambiguous. Notwithstanding what may have been Louise's subjective intent to "extend to her daughter, Kaye Louise Edmonds, the maximum financial security ..." (Record at 43), she did not do so, at least to the extent that Ms. Edmonds would benefit from a recoupment of the tax benefit realized by the Maurice Jones Trust.
There is no right of recovery under 26 U.S.C.A. § 2207A(a)(1) because the will provision constitutes the "if the decedent otherwise directs by will" disqualification set forth in § 2207A(a)(2). The interpretation utilized by the trial court and by the majority here, through forced construction and somewhat circuitous reasoning, produces a possible intention held by the testator but one which is far from apparent considering the language of the provision itself. That interpretation, which in reality created an ambiguity not otherwise existent, was and is inappropriate. Hauck v. Second National Bank of Richmond (1972) 2d Dist., 153 Ind. App. 245, 286 N.E.2d 852. To the contrary, the will provision directs that four distinct categories of items be paid from the residuary estate without apportionment  (1) taxes, (2) "debts which I am legally obligated to pay at the time of my death" (Record at 23), (3) expenses of last illness and burial, and (4) costs of administration. The phrase "together with all debts which I am legally obligated to pay at the time of my death" is a grammatically and legally distinct and independent clause. The use of "together with" clearly denotes that taxes fall in a category distinct from debts. A fair and objective reading of the will provision discloses that reasonable persons would not honestly differ as to the meaning of its terms. The provision is *1306 therefore not ambiguous. Rose v. Rose (1988) 1st Dist. Ind. App., 526 N.E.2d 231.
The law holds one to the consequences of words consciously chosen and used in an instrument. 4 Williston on Contracts (3d ed.) § 606. It is not enough to say that although Louise did in fact use words which created certain legal consequences, she did not intend the consequences which flowed. Whatever may have been the motive or purpose of Louise in using the particular language in the will provision, she did in fact use those words. There is no showing that she was defrauded or coerced. The purpose and motive behind the use of the words must be distinguished from the intent to use them. Robison v. Fickle (1976) 2d Dist., 167 Ind. App. 651, 340 N.E.2d 824. In short, as stated long ago in Heavenridge v. Mondy (1875) 49 Ind. 434, 439:
"A mistake as to the legal effect of words inserted designedly in a written instrument gives no right to a reformation of such instrument".
Although the trial court judgment may have been an effort to achieve a degree of equity as between Ms. Edmonds and the presumably disliked nephew of Maurice's first wife; and although the majority opinion here approves such effort, the language of Louise's will dictates the contrary result.[1]
The judgment should be reversed and the cause remanded with directions to enter judgment for FWNB.
NOTES
[1] Even were I to agree with the majority that the tax payment provision of the will is ambiguous, I am at a loss to understand how the very fact sensitive issue of Louise's intent can be resolved by summary judgment. In this respect, I am inclined to agree with Judge Staton's dissent in Funk v. Funk (1990) 1st Dist. Ind. App., 563 N.E.2d 127, 134.