ANTOON, Judge.
The estate of George M. Barley, Jr. (Estate) [1] and Mary M. Barley, as personal representative of the Estate, appeal the trial court’s order denying a petition for the construction of George M. Barley, Jr.’s will. The will contains ambiguous and inconsistent provisions, and therefore, we must reverse.
*844 This appeal arose from a dispute as to which portion of the decedent’s estate should be liable for payment of debts, death taxes, and costs of administration. The decedent died testate on June 23, 1995. He was survived by his wife Mary Lynn Barley and his three adult daughters from a previous marriage. During the probate proceedings, the personal representative filed a petition for construction of the will asserting that the will included provisions which were ambiguous and inconsistent.
The provisions of the will which are in dispute concern the payment of debts, taxes, and costs of administration, namely:
Article I — Payment of the debts, taxes and costs of administration.
All estate, inheritance, succession, or other death taxes of any nature, together with any interest and penalties thereon, which may be levied or assessed by reason of my death by the laws of any state or of the United States with respect to property passing under this will or any other property shall be considered a cost of administration of my estate, and such taxes, together with all debts which I am legally obligated to pay at the time of my death, the expenses of my funeral and last illness and other costs of administration of my estate, shall be paid out of residuary estate. In the event my residuary estate is insufficient to pay such debts, expenses, costs and taxes, I direct that the amount thereof in excess of my residuary estate shall be paid for [by] other assets in the order provided by law. In no event shall any portion of such taxes be apportioned or allocated to my spouse or any property passing to my spouse under this will or otherwise to any trust created for my spouse which qualifies for a marital deduction to my estate for federal or state estate or inheritance tax purposes.
Article II — Division of tangible personal property.
A. Devise to spouse. I devise to my spouse, if my spouse survives me, all tangible personal property which I may own at the time of my death.
Article III — Marital trust.
Upon my death, if my spouse survives me, I devise to my trustee, hereinafter designated, in trust, ninety percent (90%) of the remainder of my estate, after the devises in Article II hereof and after the payment of debts, taxes, cost of administration, and other expenses referred to in Article I above, to be held in a separate trust known and referred to as the marital trust to be managed and distributed by my trustee upon the following terms and conditions:
Article IV — Residuary trust.
I devise all of the remainder of my estate, after the devises set forth in Articles II and III hereof and after the payment of debts, taxes, cost of administration, other expenses referred to in Article I above, to my trustee, hereinafter designated, in trust, and my trustee shall immediately divide said remainder into equal shares, one share for each of my children then living and children deceased with issue then living, per stirpes. My trustee shall establish a separate trust with each of said shares, one for each child then living and one for the issue of each deceased child, to be held, managed and distributed to my trustee upon the following terms and conditions:
******
(Emphasis added).
The trial court denied the petition for construction, explaining that the will contained no ambiguous provisions. However, despite this finding, the trial court proceeded to engage in an interpretation of Articles I and III, ruling that these provisions could be
harmonized to mean that the marital trust referred to in Article III cannot be created or funded until after the estate ... has paid all estate, inheritance, succession or other taxes ..., debts ..., funeral expenses, last illness expenses, and all other costs of administration.
In so ruling, the trial court concluded that all debts, taxes, costs and expenses should be paid prior to the funding of either the marital trust or the residuary trust.
The appellee, Ms. Albertini, concedes that the trial court erred with regard to the
*845 payment of taxes because an ambiguity exists as to which portion of the Estate must bear the burden of paying the taxes, the marital trust or the residuary trust. However, she urges that no ambiguity exists regarding the payment of debts, costs, and expenses because the term “residuary estate” contained in Article I is synonymous with the term “remainder of my estate” contained in Articles III and IV. This argument fails to recognize the specific directive in Article I that “taxes” are to be treated as “costs of administration,” and that such taxes, debts, and other costs of administration must be paid from the same source, the “residuary estate.” Thus, if an ambiguity exists with regard to the payment of taxes, it necessarily follows that an ambiguity exists with regard to the payment of debts, costs, and expenses.
Mr. Barley’s will contains patently inconsistent provisions with respect to the payment of debts, expenses, taxes, and costs of administration. Accordingly, we must reverse the trial court’s order and remand for the consideration of extrinsic evidence in order to determine his intent in this regard. Ferrone v. Soffes, 558 So.2d 146 (Fla. 3d DCA 1990).
ORDER REVERSED; CAUSE REMANDED.
COBB, J., and ORFINGER, M., Senior Judge, concur.

. Case No. 96-1418; Case No. 96-1395.